UPSHUR, J.,
delivered the resolution of the majority of the court. A preliminary point, not submitted by the circuit superior court, was examined by the judges in conference. The questions adjourned arose in the progress of the trial, and thereupon the jury were discharged, and the trial postponed till the next term. A majority of the judges -are of opinion, that the statute* authorizes this course-of proceeding, although they disapprove it as both inconvenient and hazardous.
In answer-to the first question adjourned, this court is of opinion, that the contract between the prisoner *Nix and Jones, set out in the record, is not, by the mere force of its terms, such an act as amounts-to a sale within the meaning of the statute. That contract is not a sale, but an agreement to sell, which the vendee had a right to affirm, or- annul, as he might think proper, at any time within the month allowed by its terms; and until it was so affirmed, the sale was incomplete, and no change of property was effected thereby. Whether it-was so affirmed or not, is a question for. the jury to determine upon the evidence which may be laid before them. Its affirmance may be proved, either by some positive act on the part of the vendee Jones shewing his election to affirm it, or by the mere lapse of the time • allowed in the contract, without any act on his part affirming or annulling it. I-f affirmed ■in either of those modes, it ceased to be conditional, and-became absolute ; the sale was thus rendered complete and perfect, and came within the provisions of the statute. This opinion affords a full answer to the second question adjourned.